**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**
**CASE NO.: 1:25cv20423**

MARISSA COSCULLUELA

       Plaintiff

  v.

CHARLOTTE BURROWS, CHAIR
OF THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

       Defendant(s)

_____/

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 (2012) and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq, and Title VII of the Civil Rights Act of 1991, to correct unlawful discrimination in federal employment in the form of harassment (non-sexual) and disparate treatment based on reprisal to provide appropriate relief to Plaintiff MARISSA COSCULLUELA who was adversely affected by such practices.

As alleged with greater particularity below in paragraphs 1 through 26 Plaintiff MARISSA COSCULLUELA ("**PLAINTIFF**" and/or "**Plaintiff MARISSA**") alleges that she was subjected to ongoing harassment (non-sexual) by the Chair of the Equal Employment Opportunity Commission Charlotte Burrows as well as employees of the EEOC (collectively, **"Defendant Burrows"** or **"Defendant"**) for discrimination against Plaintiff, on the bases of reprisal (opposition and participation) for her involvement in OEO complaints in the Miami District of the EEOC.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), and Section

717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000e-16(c), 2000e-5(f)(1) and (3) et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; and the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.

2. Venue is proper in the United State District Court for the Southern District of Florida, Miami Division, pursuant to 42 U.S.C., 2000e-5(f)(3). In addition, venue is proper herein as the primary actions complained of either occurred within or were directed within the geographical boundaries of the Miami, Florida (Southern District of Florida); and pursuant to 28 U.S.C. Section 1391(e).

**PARTIES**

3. Plaintiff is a female currently domiciled in Florida, and who for all times relevant herein has been employed on a full-time basis as an employee of the United States Equal Employment Opportunity Commission ("EEOC" and/or the "Agency"). At those times relevant to the subject of this lawsuit, Plaintiff was assigned for her professional work to the Miami District Office, a field office within the Miami District of the EEOC located at 100 SE 2nd Street, Suite 1500, Miami, FL 33131 ("MIDO").

4. At all relevant times, the EEOC has continuously been a Federal Agency doing business in the State of Florida and within the City of Miami and has continuously had at least 15 employees. At those times relevant to the subject of this lawsuit, Plaintiff was employed by and assigned for her professional work MIDO.

5. Defendant BURROWS is the Chair of the EEOC and, as such, is the Defendant, only in her official capacity as the Chair of the EEOC. Defendant BURROWS is the senior Executive Branch federal official responsible for the actions of the United States Equal Employment Opportunity Commission, which is the principal subject of the allegations made herein, and which

is located at 131 M St. NE, 6th Floor, Washington, DC 20507.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT

6. From approximately 2022 to present, Plaintiff suffered from continuing violations of discrimination by Defendant Burrows as outlined in more detail herein.

7. Plaintiff advised MIDO management (the EEOC) of complaints that the Agency subjected her to disparate treatment and harassment (non-sexual), based on reprisal (prior EEO activity, opposition and participation both individually and on behalf of other employees) since approximately 2022.

8. Plaintiff timely initiated the involvement of the Equal Employment Opportunity (EEO) Office on November 3, 2023.

9. Plaintiff was issued the Notice of Right to File a Formal Complaint on January 29, 2024. On February 13, 2024, Plaintiff timely filed a formal EEO complaint [Claim No.: 2024-0008].

10. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge with the Commission alleging violations of Title VII by Defendant BURROWS.

11. Plaintiff submitted charges of discrimination to Defendant BURROWS within 180 days of the discrimination against them.

12. Prior to the institution of this lawsuit, Defendant BURROWS and/or representatives failed/refused to attempt to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

13. Thus, all conditions precedent to bringing this action have been performed or occurred.

## FACTUAL ALEEGATIONS

14.     Plaintiff was hired by the Agency in 2009.

15.     From 2009 to the present, Plaintiff has been promoted and currently holds the position of Enforcement Specialist, GS-13, in MIDO.

16.     Plaintiff is a female who has consistently been a high performer in her position, as an Investigator at MIDO; and as a result of her superior work record, she has been selected to work on complex investigations.

17.     Additionally, Plaintiff manages, mentors, trains, and reviews the work of seven investigators and acts as a buffer between her team and upper management since 2017.

18.     Plaintiff was discriminated against by Defendant Burrows based on her opposition of discrimination in the workplace, her participation in EEO investigations and litigation, as well as, filing complaints about MIDO management and participation in the EEO claims process.

19.     Evangeline Hawthorne served as the Director of the Tampa Field Office since October 2016 as well as, the Miami District Office (MIDO) Director from 2021 to the present ("Ms. Hawthorne" and/or "Director").

20.     Ms. Hawthorne has repeatedly discriminated against coworkers in TAMPFO and MIDO since approximately 2019.  For example, since approximately 2019, Ms. Hawthorne has discriminated against:

   a   MIDO Enforcement Supervisor Maxamilian Feige, a former Union Steward ("Mr. Feige) for discrimination on the bases of sex (male), and reprisal (opposition and participation) for his complaints of discrimination to management and his involvement, individually and as a representative in OEO complaints in both the TAMPFO and MIDO;

   b.  MIDO Charge Receipt and Technical Intake Unit Supervisor, Florencio Ocampo,

("Mr. Ocampo") for discrimination on the bases of national origin (Hispanic), Sex, (Male) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

c. MIDO Investigator Edgar Cole ("Mr. Cole") for discrimination on the bases of Sex (male), Race (Black) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

d. MIDO Enforcement Supervisor Robert Cedon ("Mr. Cedon") for discrimination on the bases of Sex (male), Race (Black), National Origin (Hatian) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

e. MIDO Investigator Christopher Griffin ("Mr. Griffin") for discrimination on the bases of Sex (male), Race (Black) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

f. MIDO Investigator Christopher Griffin ("Mr. Griffin") for discrimination on the bases of Sex (male), Race (Black) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

g. MIDO Deputy Director Roberto Chavez ("Mr. Chavez") for discrimination on the bases of National Origin (Hispanic) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

h. TAMPFO Mediator David Hamilton ("Mr. Hamilton") for discrimination on the bases of Sex (male), Race (Black) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

i. TAMPFO Investigator Jeffrey Nelson ("Mr. Nelson") for discrimination on the bases of Sex (male), Race (Black) and Reprisal (opposition and participation) for his complaints of discrimination to management and for his involvement in OEO complaints in the Agency;

21. From on or about October 2022, Ms. Hawthorne served as Plaintiff's supervisor.

22. In November 2022, Plaintiff served on an interview panel in which Mr. Feige was applying for an Enforcement Supervisor position.  Ms. Hawthorne was the selecting official.

23. Commencing in November 2022, Defendant and Ms. Hawthorne discriminated against Plaintiff.  Specifically,

a. In November 2022, Ms. Hawthorne questioned Plaintiff's rating of two internal candidates, Mr. Feige and Mr. Cedon, who applied for the MIDO Enforcement Supervisor position. The MIDO Director asked Plaintiff, "How can you give this rating to someone [Mr. Feige] who lies in court and falsifies evidence?";

b. During that time, Ms. Hawthorne suggested Plaintiff to change and reduce her score of Mr. Feige so that he would not obtain the position.  Plaintiff refused to change her score.

c. On or about November 2022, Ms. Hawthorne questioned Plaintiff regarding her decision to rate a subordinate, Mr. Cole, as "Outstanding" on his FY 2021-2022 performance rating;

d. On or about November 2022, Plaintiff spoke with the Agency's Chief Mediation

Officer ("CMO"), Andrea Justice, on behalf of Mr. Cole about Ms. Hawthorne's comments and Plaintiff's concerns of retaliation;

e. On December 6, 2022, Ms. Hawthorne reached out to Plaintiff immediately after a confidential focus group meeting regarding discrimination by management in MIDO and said, "I know you were in that meeting…," which Plaintiff believes was meant to cause a "chilling effect";

f. Shortly after December 6, 2022, Ms. Hawthorne subjected every case Plaintiff submitted for approval to criticism downplaying Plaintiff's ability as a supervisor, and displayed condescension by asking experienced investigators to rewrite their work;

g. In February 2023, Ms. Hawthorne discredited Plaintiff's work by stating to the MIDO Deputy Director Roberto Chavez ("Mr. Chavez"), "I had always heard that Marissa was a good investigator; however, I don't see it." This comment was made in an open area of the hallway and heard by other MIDO employees;

h. In May 2023, Ms. Hawthorne's conduct discouraged Plaintiff from applying for the MIDO Enforcement Manager position;

i. Beginning in June 2023, the MIDO Enforcement Manager, Scott Kelley ("Mr. Kelley") excessively scrutinized the work performed by Plaintiff's subordinates, including but not limited to, Mr. Cole;

j. On or about July 2023, spoke with both Thomas Colclough, the Director of Field Management Programs and Delner Franklin-Thomas, the Acting Director of the Office of Field Programs regarding Ms. Hawthorn's discrimination against her and other employees.

k. On or about July 2023, Plaintiff was interviewed by the Department of Justice

regarding, Maximilian Feige, a MIDO employee's complaint of discrimination against Ms. Hawthorne.

l. On August 14, 2023, Ms. Hawthorne embarrassed and disrespected Plaintiff during a management meeting;

m. In September 2023, Ms. Hawthorne continued to excessively criticize the work performed by Plaintiff's unit and refused to approve cause finding cases for minor reasons;

n. On October 24, 2023, Plaintiff was issued her fiscal year ("FY") 2023 Performance Appraisal with a "Highly Effective" rating instead of the "Outstanding" rating she deserved, which negatively affected the performance award Plaintiff received;

o. On or about 2024, Plaintiff spoke with an Investigator investigating allegations of discrimination that occurred in MIDO by Ms. Hawthorne.

24. No other Investigators in the MIDO and/or TAMPFO were treated in the manner outlined above.

25. In part, Plaintiff was specifically singled out by Ms. Hawthorne for her prior engagement in protected activities.

26. At all material times, Plaintiff, individually and on behalf of other Agency employees, filed and represented multiple employees in discrimination complaints against Ms. Hawthorne.

## COUNT I
## (VIOLATION OF TITLE VII-REPRISAL/RETALIATION)

27. Plaintiff restates and re-avers the allegations of Paragraphs 1-26 of the Complaint, as if fully set forth herein.

28. At all times material herein, Plaintiff engaged in lawful protected activity from 2020 through 2024, when she participated, both individually and on behalf of other Agency

employees, in the EEO process and opposed unlawful discriminatory conduct by filing claims against MIDO management as outlined above.

29.     From 2020 through 2024, Plaintiff engaged in protected activities related to claims of discrimination against Ms. Hawthorne and Defendant.  (See para. 18 through 22, above, above).

30.     The protective activity occurred from 2020, through the present.

31.     Prior to the dates that Plaintiff was subject to the aforementioned harassment and disparate treatment, the Agency was aware of the protected activity.

32.     As a direct result of engaging in lawful protected activity set forth above, Plaintiff was subjected to numerous predicate acts of retaliation, when taken together, as a whole, changes her status as an employee; and constitutes actionable adverse employment action(s).  Specifically, Defendant's management officials, as set forth above, subjected Plaintiff to retaliation that included, but was not limited to:

a.  In November 2022, Ms. Hawthorne questioned Plaintiff's rating of two internal candidates, Mr. Feige and Mr. Cedon, who applied for the MIDO Enforcement Supervisor position. The MIDO Director asked Plaintiff, "How can you give this rating to someone [Mr. Feige] who lies in court and falsifies evidence?";

b.  During that time, Ms. Hawthorne suggested Plaintiff to change and reduce her score of Mr. Feige so that he would not obtain the position.  Plaintiff refused to change her score.

c.  On or about November 2022, Ms. Hawthorne questioned Plaintiff regarding her decision to rate a subordinate, Mr. Cole, as "Outstanding" on his FY 2021-2022 performance rating;

d.  On or about November 2022, Plaintiff spoke with the Agency's Chief Mediation Officer ("CMO"), Andrea Justice, on behalf of Mr. Cole about Ms. Hawthorne's

comments and Plaintiff's concerns of retaliation;

e. On December 6, 2022, Ms. Hawthorne reached out to Plaintiff immediately after a confidential focus group meeting regarding discrimination by management in MIDO and said, "I know you were in that meeting…," which Plaintiff believes was meant to cause a "chilling effect";

f. Shortly after December 6, 2022, Ms. Hawthorne subjected every case Plaintiff submitted for approval to criticism downplaying Plaintiff's ability as a supervisor, and displayed condescension by asking experienced investigators to rewrite their work;

g. In February 2023, Ms. Hawthorne discredited Plaintiff's work by stating to the MIDO Deputy Director Roberto Chavez ("Mr. Chavez"), "I had always heard that Marissa was a good investigator; however, I don't see it." This comment was made in an open area of the hallway and heard by other MIDO employees;

h. In May 2023, Ms. Hawthorne's conduct discouraged Plaintiff from applying for the MIDO Enforcement Manager position;

i. Beginning in June 2023, the MIDO Enforcement Manager, Scott Kelley ("Mr. Kelley") excessively scrutinized the work performed by Plaintiff's subordinates, including but not limited to, Mr. Cole;

j. On or about July 2023, spoke with both Thomas Colclough, the Director of Field Management Programs and Delner Franklin-Thomas, the Acting Director of the Office of Field Programs regarding Ms. Hawthorn's discrimination against her and other employees.

k. On or about July 2023, Plaintiff was interviewed by the Department of Justice regarding, Maximilian Feige, a MIDO employee's complaint of discrimination

**AZOY SOCORRO, LLP**
300 Aragon Ave, Suite 300 **I** Coral Gables, FL 33134 **I** T: (305) 340-7542 **I** F: (305) 418-7438 **I** W: www.azoysocorro.com

against Ms. Hawthorne.

l.  On August 14, 2023, Ms. Hawthorne embarrassed and disrespected Plaintiff during a management meeting;

m.  In September 2023, Ms. Hawthorne continued to excessively criticize the work performed by Plaintiff's unit and refused to approve cause finding cases for minor reasons;

n.  On October 24, 2023, Plaintiff was issued her fiscal year ("FY") 2023 Performance Appraisal with a "Highly Effective" rating instead of the "Outstanding" rating she deserved, which negatively affected the performance award Plaintiff received;

o.  On or about 2024, Plaintiff spoke with an Investigator investigating allegations of discrimination that occurred in MIDO by Ms. Hawthorne.

33.  There was a causal connection between Plaintiff's protected activity described herein, and the subsequent adverse actions, as set forth herein

34.  Plaintiff always obtained "outstanding" in her Fiscal Evaluations prior to engaging in the aforementioned protective activity.

35.  The retaliation endured by Plaintiff, which she was subjected to by Defendant's management officials, would clearly dissuade a reasonable employee in her position, from making complaints of discrimination and or harassment in the workplace.

36.  Defendant BURROWS, acting through its authorized representatives, retaliated against Plaintiff, for engaging in workplace protected activity as set forth herein, in direct violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3 (a).

37.  Due to the repeated unlawful conduct of the Defendant, the Plaintiff has retained undersigned counsel, and the Plaintiff is obligated to pay reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff, MARISSA COSCULLUELA, respectfully requests that this

Court enter judgment against the Defendant, Burrows, as Chair of the Equal Employment Opportunity Commission, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), for engaging in predicate unlawful acts of retaliation, and order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B. Award the Plaintiff her costs and a reasonable attorney's fee;

C. Enjoin the Defendant from continuing its discriminatory practices: and

D. Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Dated this 2<u>8th</u> day of <u>January 2025</u>

Respectfully submitted,

<u>/s/    José A. Socorro</u>
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
300 Aragon Ave, Suite 300
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com